Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
DOLORES M. HERRERA

ORIGINAL FILED
08 JUL 31 PM 2: 24
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DOLORES M. HERRERA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP, a Delaware limited partnership, ALEGIS GROUP, LLC, a Delaware limited liability company, and LVNV FUNDING, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. C08 03671 PVT JW<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, DOLORES M. HERRERA (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.　　This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

-1-
COMPLAINT

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6.     Plaintiff, DOLORES M. HERRERA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.     Defendant, RESURGENT CAPITAL SERVICES, LP (hereinafter "RESURGENT"), is a Delaware limited partnership engaged in the business of collecting debts in this state with its principal place of business located at:  15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. RESURGENT may be served as follows:  Resurgent Capital Services, LP, c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Los Angeles, California 90017-3407. The principal business of RESURGENT is the collection of debts using the mails and telephone, and RESURGENT regularly attempts to collect debts alleged to be due another.  RESURGENT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and

Cal. Civil Code § 1788.2(c).

8.  Defendant, ALEGIS GROUP, LLC (hereinafter "ALEGIS"), is a Delaware limited liability company and the general partner of RESURGENT with its principal place of business located at: 15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. ALEGIS may be served as follows: Alegis Group, LLC, c/o The Corporation Trust Company, Agent for Service of Process, 1209 Orange Street, Wilmington, Delaware 19801-1120. The principal business of ALEGIS is the collection of debts using the mails and telephone, and ALEGIS regularly attempts to collect debts alleged to be due another. ALEGIS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9.  Defendant, LVNV FUNDING, LLC (hereinafter "LVNV"), is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. LVNV may be served as follows: LVNV Funding, LLC, c/o The Corporation Trust Company, Agent for Service of Process, 1209 Orange Street, Wilmington, Delaware 19801-1120. The principal business of LVNV is the collection of debts using the mails and telephone, and LVNV regularly attempts to collect debts alleged to be due another. LVNV is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges, that LVNV is liable for the acts of Defendants, RESURGENT and ALEGIS, because LVNV engaged RESURGENT and ALEGIS to collect a consumer debt on its behalf and LVNV directed the unlawful activities described herein. See *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D. N.M. 1994) and *Police v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

/ / /

## VI. FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit card account issued by Bank of America, and bearing the account number XXXX-XXXX-XXXX-8691 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13. Thereafter Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. The collection letter (Exhibit "1") is dated August 10, 2007.

15. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

16. The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated August 14, 2007, was imprinted.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about August 14, 2007.

18. A true and accurate copy of the August 10, 2007 collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants sent these standard form letters to more than 40 persons in California, in the one year preceding the filing of this Complaint. Plaintiff may seek to amend to add class allegations at a later date.

## VII. CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff brings the first claim for relief against Defendants under the Federal

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

21. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

22. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

23. Defendant, RESURGENT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

24. Defendant, ALEGIS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant, LVNV, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendants have violated the FDCPA in the following respects:

   a. Defendants failed to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants, in violation of 15 U.S.C. § 1692g(a)(3);

   b. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

   c. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor,

-5-
COMPLAINT

      if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

28. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, RESURGENT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. Defendant, ALEGIS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

35. Defendant, LVNV, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

37. Defendants have violated the RFDCPA in the following respects:

  a. Defendants failed to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants, in violation of 15 U.S.C. § 1692g(a)(3), as incorporated by Cal. Civil Code § 1788.17;

  b. Defendants failed to send Plaintiff a written notice containing a

|   |   |
|---|---|
| 1 | statement that if Plaintiff notifies Defendants in writing within the |
| 2 | thirty-day period that the debt, or any portion thereof, is disputed, |
| 3 | Defendants would obtain verification of the debt and that a copy of |
| 4 | the verification would be mailed to Plaintiff, in violation of 15 U.S.C. |
| 5 | § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and, |

    c.    Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

38.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

39.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

40.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

41.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

42.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

c. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    DOLORES M. HERRERA

-8-
COMPLAINT

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DOLORES M. HERRERA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**RESURGENT CAPITAL SERVICES, LP**
1-866-464-1187
**Fax: 1-866-467-0960**
Hours of Operation
8AM-6PM EST Monday - Thursday
8AM-5PM EST Friday

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

ADDRESS SERVICE REQUESTED

208149975

PREVIOUS CREDITOR: Bank of America
CURRENT CREDITOR: LVNV Funding LLC
ACCOUNT NUMBER: 4888931997808691
BALANCE: $4,673.86

08-10-07

#BWNDLZK
#GGG0 09QU 0254#
VALVOD-CS-1
*A-1EB-AM-01060

DOLORES M HERRERA
2080 SW EXPRESS WAY APT 66 APT 66
SAN JOSE CA 95126-4672

RESURGENT CAPITAL SERVICES, LP
PO BOX 10497
GREENVILLE SC 29603-0497

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment.*

Dear Dolores M Herrera:

This account has been placed with Resurgent Capital Services, LP.

Enclosed please find an original validation of debt that verifies the debt.

If you have any questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services, LP

*This communication is sent to you by Resurgent Capital Services, LP, a professional debt collector.*

### INFORMATION CONCERNING YOUR LEGAL RIGHTS

As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your obligation.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

"Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al numero 1-888-665-0374."

The following is a Spanish translation of the information previously provided.

"Como es requerido por la ley usted esta siendo notificado por este medio que un reporte de crédito negativo afectando su reporte de crédito puede ser remitido a una agencia de reporte de créditos, si usted no puede satisfacer los términos de su obligación."

"El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben o tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar  Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov"

EXHIBIT 1

**Validation of Debt**
**August 10, 2007**
**Dolores M Herrera**

The account of Dolores M Herrera acquired from Bank of America is now owned by LVNV Funding LLC.

At the time the account was acquired from Bank of America, Bank of America advised that the balance owing was $4,673.86. Since that time, additional interest, fees, payments, credits and offsets, if applicable, have been allowed, for a current balance of $4,673.86.*

*Please note that any additional interest, fees, payments, credits and offsets made within the past 30 days may not be reflected in the above mentioned current balance.

SEE NEXT PAGE FOR IMPORTANT PRIVACY NOTIFICATION FROM YOUR CREDITOR

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition, LP | Sherman Acquisition, LLC | Ascent Card Services, LLC |
| Resurgent Capital Services, LP | Credit One Bank, NA | LVNV Funding, LLC |
| Sherman Acquisition II, LP | Sherman Acquisition TA, LP | Ascent Card Services II, LLC |
| | | Anson Street, LLC |

**Information we may collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with affiliates and third parties**

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

ADDRESS SERVICE REQUESTED

#BWNDLZK
#GGG0 09QU 0254#   *A-1EB-AM-01060
DOLORES M HERRERA          VALVOD-CS-1
2080 SW EXPRESS WAY APT 66 APT 66
SAN JOSE CA 95126-4672

FIRST CLASS
AUTO



U.S. POSTAGE
0.31